Michael S. Agruss (SBN: 259567)
KROHN & MOSS, LTD.
10 N. Dearborn St. 3rd Floor
Chicago, IL 60602
Tel: 323-988-2400 x235
Fax: 866-620-2956
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
JOHN BISHOP

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| JOHN BISHOP, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| MONARCH RECOVERY MANAGEMENT, INC., | |
| Defendant. | |

## VERIFIED COMPLAINT

Plaintiff, JOHN BISHOP ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person residing in Carmichael, Sacramento County, California.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency with a business office in Philadelphia, Pennsylvania.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff, seeking and demanding payment for a debt that Plaintiff does not owe.

12. The alleged debt that Plaintiff does not owe, arises from transactions for personal, family, and household purposes.

13. Defendant calls Plaintiff at his home telephone number (916-359-8180).

14. Defendant calls from 856-668-4520, which is a number that belongs to Defendant.

15. On numerous occasions, Plaintiff informed Defendant that Plaintiff does not owe the debt that Defendant is attempting to collect.

PLAINTIFF'S COMPLAINT

16. For instance, on or around March 28, 2011 and March 29, 2011, Plaintiff asked Defendant to stop calling Plaintiff because Plaintiff does not owe any debt to Defendant.

17. Defendant continued to call Plaintiff after March 29, 2011.

18. On or around May 18, 2011, Defendant called Plaintiff, and Plaintiff again asked Defendant to stop calling because Plaintiff does not owe any debt to Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, JOHN BISHOP, respectfully requests judgment be entered against Defendant, MONARCH RECOVERY MANAGEMENT, INC., for the following:

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

PLAINTIFF'S COMPLAINT

a. Defendant violated § 1788.11(d) of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

b. Defendant violated § 1788.11(e) of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances.

c. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq.*

WHEREFORE, Plaintiff, JOHN BISHOP, respectfully requests judgment be entered against Defendant, MONARCH RECOVERY MANAGEMENT, INC., for the following:

25. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b),

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

27. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN BISHOP, demands a jury trial in this case.


DATED:  September 29, 2011          RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:  /s/ Michael S. Agruss

Michael S. Agruss
Attorney for Plaintiff,
JOHN BISHOP

- 4 -

PLAINTIFF'S COMPLAINT

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF CALIFORNIA

Plaintiff, JOHN BISHOP, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN BISHOP, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _Sept. 21, 2011_

_John Bishop_

JOHN BISHOP

- 5 -